UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHANNA PUGACH,<br><br>                      Plaintiff,<br><br>-against-<br><br>KEVIN WALSH, Acting New Jersey State Comptroller,<br><br>                      Defendant. | 23-CV-9355 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Weehawken, New Jersey and proceeds *pro se*, brings this complaint challenging his alleged underpayment of income tax to the State of New Jersey Division of Taxation. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff sues Acting New Jersey State Comptroller Kevin Walsh for allegedly miscalculating Plaintiff's tax liability. Plaintiff indicates that he sent his complaint to Defendant Walsh in Trenton, New Jersey, and sent it to the State of New Jersey Division of Taxation, U.S. Treasury Secretary Janet Yellen, and the Federal Reserve Bank of New York. It is unclear if Plaintiff intends to name anyone other than Acting New Jersey State Comptroller Walsh as a defendant in this matter. Plaintiff's allegations suggest that his claims arose outside this district, and that venue thus does not lie in this district under Section 1391(b)(2). The facts alleged also do not suggest that venue is proper in this district under Section 1391(b)(1) based on the residence of Defendant Walsh or any other defendant whom Plaintiff may have intended to sue.

Even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer appears to be appropriate in this case. Venue does not appear to lie in this district under Section 1391(b). The underlying events occurred in New Jersey, where all parties are located and where it is reasonable to expect that all relevant documents and witnesses also would be located. Accordingly, the Court transfers this action to the United States District Court for the District of New Jersey. 28 U.S.C. §§ 1404(a), 1406.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. 28 U.S.C. §§ 1404(a), 1406. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in this district.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 6, 2023
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge